UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STARR INDEMNITY & LIABILITY COMPANY,
a/s/o THE WILLIAM CARTER COMPANY,

                                                                                                                             22 Civ.

                Plaintiff,

       -against-

                                                                                                   **VERIFIED COMPLAINT**

M/V MAERSK EINDHOVEN, her engines, tackle,
boilers, etc., *in rem*, and MAERSK A/S, d/b/a Maersk Line,

                Defendants.
------------------------------------------------------------------X

        Plaintiff, STARR INDEMNITY & LIABILITY COMPANY ("STARR") as subrogee of THE WILLIAM CARTER COMPANY ("Carter's"), by its undersigned attorneys, Clyde & Co US LLP, complaining of the defendants herein, M/V MAERSK EINDHOVEN, her engines, tackle, boilers, etc., *in rem*, and MAERSK A/S, d/b/a Maersk Line ("Maersk"), alleges upon information and belief as follows:

### FOR A FIRST CAUSE OF ACTION

        1.      This is a case of Admiralty and Maritime jurisdiction and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

        2.      Venue in this Court is proper pursuant to the forum selection clause contained in the form bills of lading issued by defendant Maersk.

        3.      STARR was and now is a corporation incorporated and existing under the laws of Texas, with its principal place of business at 399 Park Avenue, 8th Floor, New York, NY 10022.

4. Carter's was and now is a corporation incorporated and existing under the laws of Massachusetts, with its principal place of business at 3438 Peachtree Rd, Suite 1800, Atlanta, GA 30326.

5. At all times hereinafter mentioned, Maersk was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of Denmark, with an office and place of business at 9300 Arrowpoint Boulevard, Charlotte, NC 28273.

6. At all times hereinafter mentioned, Maersk was and now is a common carrier and was the owner, charterer, operator and/or manager of the M/V MAERSK EINDHOVEN and operated the vessel in the common and/or private carriage of goods by water for hire between various ports of the world, including ports of the United States.

7. At all times hereinafter mentioned, Maersk was and now is doing business in this District and within the jurisdiction of this Honorable Court, and has consented to the jurisdiction of this Honorable Court pursuant to its form bill of lading terms, which require resolution of disputes in the U.S. District Court for the Southern District of New York.

8. At all times hereinafter mentioned, defendants were and now are doing business in this District and within the jurisdiction of this Honorable Court, and Defendant M/V MAERSK EINDHOVEN, a ship engaged in the common and/or private carriage of cargo on the high seas between various ports of the world, including ports of the United States, during the pendency of process herein, will be within the District and/or with the jurisdiction of this Honorable Court.

9. At all times hereinafter mentioned, plaintiff was and now is the owner, consignee, underwriter and/or party having the risk of loss of 4,091 (four thousand and ninety one) cartons of children's apparel (the "Cargo") placed in the custody of Maersk or their agents

in good order and condition at the time of the occurrences herein described, and/or was the lawful owner and holder of any claim and right of recovery for the loss thereto. Plaintiff brings this action not only on its own behalf, but as agent and trustee, and for the account of the owners thereof, and/or on behalf of and for the benefit of others who may ultimately prove to be interested in said shipment, as their respective interests may ultimately appear.

10. On or about January 20, 2021, the Cargo was delivered to defendants at the port of Phnom Penh, Cambodia in good order and condition, for transportation on the M/V MAERSK EINDHOVEN for delivery at Los Angeles, California, and the defendants then and there accepted the shipment and agreed to transport and carry the shipment to the port of destination and there deliver the shipment to the consignees in like good order and condition as when shipped, delivered to and received by them, all in consideration of an agreed freight and in accordance with the valid terms and conditions of a certain contract of carriage.

11. Thereafter the shipment was placed on board the M/V MAERSK EINDHOVEN, and the vessel sailed from the port of Phnom Penh, Cambodia and arrived at the port of discharge, where defendants failed to discharge and deliver the cargo in the same good order and condition as when delivered to defendants at the port of shipment, but on the contrary, the entire cargo was lost overboard into the sea and destroyed due to the negligence or breach of duty of defendants and/or their agents, servants, employees or representatives, resulting in the loss claimed herein.

12. All conditions precedent required of plaintiff and of all other interests in said shipment have been performed.

13. All and singular the premises are true, and within the Admiralty and Maritime Jurisdiction of the United States and of this Honorable Court.

14. By reason of the premises, plaintiff (and those on whose behalf this suit is brought) has sustained damages in the sum of $477,736.96, as nearly as the same can now be estimated, no part of which has been paid. Plaintiff reserves its rights to increase this amount should its losses and damages ultimately be in excess thereof.

## **AS AND FOR THE SECOND CAUSE OF ACTION**

15. Plaintiff repeats and realleges paragraphs 1 through 14 of the Complaint with the same force and effect as if repeated and set forth at length therein.

16. On or about the aforementioned date, the Cargo was delivered to defendants and the M/V MAERSK EINDHOVEN at Phnom Penh, Cambodia, in good order and condition, for transportation by ocean vessel to the place of delivery as aforesaid. Thereafter, the shipment was placed into the exclusive possession, custody and control of Maersk or their agents, and said defendants, having the shipment in its possession as aforesaid, failed to deliver the cargo in the same good order and condition as when delivered to Defendants at the port of shipment, but on the contrary, the entire cargo was destroyed due to the negligence and other breach of duty by Maersk, and/or their agents servants, employees or representatives.

17. The loss and/or damage was not caused by any fault, neglect or want of care on the part of the plaintiff, its agents, servants or employees, but was proximately caused or contributed to by the fault, neglect and want of care on the part of Maersk, and/or their agents, servants, employees or representatives, in that Maersk failed to maintain proper care and security for the shipment, or from other acts, omissions, matters or transactions for which defendants are liable.

18. By reason of the premises, plaintiff (and those on whose behalf this suit is brought) have sustained damages in the sum of $477,736.96, as nearly as the same can now be

estimated, no part of which has been paid. Plaintiff reserves its right to increase this amount should the losses and damages ultimately be in excess thereof.

**WHEREFORE**, Plaintiff prays:

1. That judgment in the sum of $477,736.96 be entered in favor of the plaintiff and against defendants M/V MAERSK EINDHOVEN and Maersk, together with interest and costs;

2. That process in due form of law according to the practice of this Honorable Court in causes of Admiralty and Maritime jurisdiction may issue against the defendant, citing them to appear and answer under oath all and singular the matters aforesaid;

3. That the M/V MAERSK EINDHOVEN be arrested and that said vessel be condemned and sold to satisfy the judgment herein; and

4. That the plaintiff be granted such other and further relief as in law and justice it may be entitled to receive.

Dated: New York, New York
February 10, 2023

        **CLYDE & CO US LLP**
        *Attorneys for Plaintiff*
        STARR INDEMNITY & LIABILITY COMPANY

    By: *S/John R. Keough*
        John R. Keough
        The Chrysler Building
        405 Lexington Avenue, 16th Floor
        New York, New York 10174
        (212) 710-3900
        john.keough@clydeco.us

## VERIFICATION

I, Brian Kenney, am an authorized representative of plaintiff, Starr Indemnity & Liability Company, as subrogee of The William Carter Company, and make this Verification by authority for and on its behalf; I have read the foregoing Verified Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 9, 2023.

Brian Kenney